UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANNY JOE BARBER, III,

                          Plaintiff,

        v.

PAUL THIMMONS,

                          Defendant.

CASE NO.  3:24-cv-05644-JLR-BAT

**REPORT AND RECOMMENDATION**

Plaintiff, Danny Joe Barber, III is a pretrial detainee of the Kitsap County Jail who sues his public defender Paul Thimmons, and the Kitsap County Public Defender's Office under 42 U.S.C. § 1983. Dkts. 1, 8. Plaintiff has been granted leave to proceed *in forma pauperis* (IFP) and the Court thus reviews the complaint to ensure it states a claim upon which relief may be granted, names Defendants who are not immune from suit, and that the action is not frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B); *see Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding the screening provisions of § 1915(e) apply to both prisoners and nonprisoners).

The Court has reviewed the complaint and recommends it be DISMISSED with prejudice. Leave to amend should be denied because no amendment would cure the barriers to relief currently, and thus amendment would be futile. *See Lucas v. Dep't of Corrections*, 66 F.3d

REPORT AND RECOMMENDATION - 1

245, 248 (9th Cir. 1995) (per curiam) (the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect.").

The complaint regards the performance of Plaintiff's public defender at court hearings and during visits between Plaintiff and his public defender. Dkt. 8. Plaintiff alleges he told his public defender, Defendant Thimmons, he is innocent but Defendant Thimmons told Plaintiff it doesn't matter, the state could prove the charges and Plaintiff was going to prison. *Id.* Plaintiff also alleges he "fired" his public defender Thimmons and "they took my speedy trial rights." *Id.* at 5. Plaintiff seeks money damages on the grounds his public defender misrepresented him, did not listen to Plaintiff about evidence that would free him of the criminal charges he faces. *Id.*

Public defender Thimmons is immune from suit because a public defender is not considered a state actor for their role in representing a criminal defendant in judicial proceedings, and thus cannot be sued under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Here, Plaintiff sues Thimmons based upon attorney-client conversations he had with Plaintiff about his pending criminal case. Plaintiff's allegations go directly to Thimmon's performance as his advocate. Because Plaintiff's claim goes directly to his public defender's traditional lawyer role as his advocate, Defendant Thimmons is not a state actor for the purposes of this suit and cannot be sued. *See Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (even assuming a public defender who subpoenaed no witnesses and mounted no defense provided deficient representation, he was acting in the traditional lawyer role and would not be considered a state actor).

Accordingly, the Court recommends the claims against public defender Thimmons be dismissed with prejudice. Additionally, there are no facts pleaded regarding how or why the Kitsap County Public Defender's Office is liable. To the extent that Plaintiff is attempting to

hold the Public Defender's Office liable, that attempt fails because Plaintiff's public defender as noted above cannot be sued under § 1983 for his alleged deficient performance.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order.  Therefore, Plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **September 20, 2024.**  The Clerk shall note the matter for **September 27, 2024**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 6th day of September 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3